**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

AVANTI PRESS, INC.,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No.: 1:26-cv-12237

Judge Charles P. Kocoras

Magistrate Judge Heather K. McShain

**DECLARATION OF KEITH A. VOGT IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER**

I, Keith A. Vogt, declare as follows:

1. I am an attorney at law, duly admitted to practice before the courts of the State of Illinois and the United States District Court for the Northern District of Illinois. I am counsel for Plaintiff, Avanti Press, Inc. ("Avanti Press" or "Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows.

2. I understand that infringers use a variety of tactics to evade enforcement efforts.

3. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine or authorized products. Each Defendant operates an online storefront or as a third-party seller on an online marketplace, and transacts with the public exclusively through electronic means.

4. Defendants go to great lengths to conceal their identities and often use fictitious names and addresses to register and operate their seller accounts. Upon information and belief, Defendants

regularly create new online marketplace accounts using the identities listed in Amended Schedule A, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by online infringers to conceal their identities and avoid being shut down.

5. There are similarities among the Defendant Internet Stores. The Defendant listings offer similar products for sale bearing infringing reproductions of Plaintiff's registered artwork. These similarities suggest that the products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

6. Past investigation of the Defendant online marketplace accounts also reveals that Defendants appear to have provided incomplete or unreliable physical-address information to the online marketplaces.

7. Notwithstanding the unreliability of the physical-address information, each Defendant, as an online marketplace seller, must maintain an operative electronic-mail account and electronic communication channel to receive order notifications and customer messages, to receive platform communications from the online marketplace, and to manage its seller account and receive payment. Because Defendants operate entirely online and transact with the public exclusively by electronic means, electronic notice sent to the e-mail addresses associated with the Defendant Internet Stores is a reliable method by which Defendants may be apprised of these proceedings.

8. Each of the accused products sold by the Defendants uses, or is derived from, the distinctive creative content protected by one or more of the Avanti Press Works. Plaintiff has not licensed or authorized any Defendant to use the Avanti Press Works, and none of the Defendants is an authorized retailer of genuine products bearing those works.

9. By the accompanying Ex Parte Motion, Plaintiff seeks a temporary restraining order, a temporary asset restraint, expedited discovery, and leave to provide notice of further proceedings by electronic means under Rule 65(a)(1). Plaintiff does not by that Motion seek an order authorizing formal service of process under Rule 4(f)(3), and reserves any such request for a later motion that will present a specific, per-defendant address-diligence showing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 7, 2026.

*/s/ Keith A. Vogt*
Keith A. Vogt
*Counsel for Plaintiff*